**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY R. MULBERRY,

      Petitioner - Appellant,

v.

RANDY HENDERSON,

      Respondent - Appellee.

No. 97-1027

(D. Colorado)

(D.C. No. 96-K-1822)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Jeffrey R. Mulberry filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging the following four issues:

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.  The evidence was insufficient to support the trial courts finding that Mr. Mulberry willfully disobeyed a lawful court order to testify given the trial courts ambiguous ruling regarding the scope of use of immunity as it applied to Mr. Mulberry.

II.  The trial court erred in holding Mr. Mulberry in contempt of court when Mr. Mulberry only expressed an entent (sic) to commit a contemptuous act in the future.

III.  The trial court erred in holding Mr. Mulberry in criminal contempt of court when he did not first consider using civil contempt.

IV.  The trial court abused its discretion in imposing the maximum sentence for summary contempt whem Mr. mulberry (sic) HAD NO INTENT TO OBSTRUCT JUSTICE.

As indicated by copies supplied by Mr. Mulberry of his briefs filed in the Colorado Court of Appeals, these issues have been exhausted in the state courts, having been raised and decided adversely to Mr. Mulberry's claims.

Mr. Mulberry's federal habeas petition was referred to a magistrate judge who recommended dismissal of the petition in a Report and Recommendation filed December 11, 1996.  That Recommendation was adopted by the district court, along with an order filed December 31, 1996, overruling the petitioner's objections.  Subsequently, the district court denied a certificate of appealability.

This matter is before us on Mr. Mulberry's renewed application for a certificate of appealability accompanied by a brief on appeal which, in the guise of purportedly restating or clarifying the matters raised in his original petition, raises new issues, including ineffective assistance of counsel.

Substantially for the reasons stated in the magistrate judge's Report and Recommendation, we conclude that Mr. Mulberry's petition does not make out a substantial showing of the denial of a constitutional right. Accordingly, we DENY Mr. Mulberry's application for a certificate of appealability and DISMISS the appeal. See 28 U.S.C. § 2253(c)(1) and (2). We do not consider issues not properly raised in a timely fashion before the district court and not exhausted in state court, or issues newly raised on appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge